**BEVAN, MOSCA & GIUDITTA, P.C.**
ATTORNEYS AT LAW

222 MOUNT AIRY ROAD, SUITE 200
BASKING RIDGE, NJ 07920-2335
(P) 908.753.8300
(F) 908.753.8301
WWW.BMG.LAW

**John D. Coyle**
jcoyle@bmg.law

May 4, 2020

**VIA ECF Filing**

Hon. John Michael Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

   Re: *Richard M. Zelma v. SunPower, et al.*
      *Civil Action No.* **2:19-cv-20542**

Dear Judge Vazquez:

  We represent Defendant GenRenew, LLC in the above captioned matter. Please accept this letter brief in opposition to Plaintiff's motion for reconsideration/remand/sanctions.

  While Plaintiff is representing himself *pro se*, he has decades of experience prosecuting TCPA do not call list matters in the state and federal courts. This is not even the only one of these cases that he currently has pending before Your Honor. I mention this history simply to state that while the Courts typically give certain deference to *pro se* litigants, such is inappropriate here.

  The bottom line is that Mr. Zelma reached a settlement agreement with Defendants to resolve this matter *in lieu* of responding to Defendants' motions to dismiss. Once those motions were adjourned at his request, he attempted to renegotiate the amount of the settlement without 'rejecting' the settlement. Ultimately, we had enough and informed the Court that the matter had been settled. Accordingly, the Court entered an Order dated January 27, 2020 directing the dismissal of the matter within 60 days if the parties did not "file" dismissal papers or a request to reopen. (Doc. 13). When neither event happened, on March 27, 2020, the Court entered an Order

Hon. John Michael Vazquez, U.S.D.J.
May 4, 2020
Page 2

of Dismissal With Prejudice. (Doc. 13).  A few days later, on April 1, 2020, Plaintiff filed a letter asking the Court to keep the matter open.  (Doc. 14).  This motion followed.

Every argument raised by Plaintiff is *per se* frivolous in violation of Fed.R.Civ.P. 11 and raised solely to coerce Defendants to pay more than the agreed-upon settlement to avoid incurring legal fees.  This strategy did not work.  This already is a frivolous matter that Defendants were settling as a nuisance to avoid more legal fees.  Accordingly, the following arguments are presented in summary form to save the Court's valuable time and resources during this difficult time.

Ironically, Plaintiff asks the Court to *suo moto,* or *sua sponte* sanction Mr. Freijomil for removing a Complaint based on federal question.  The ironic part is that *sua moto* or *sponte* means at the Court's initiative without a party asking for it.  This may be the first motion that asks the Court to enter an order based upon no party asking for the order.  Substantively, removal of this matter was proper inasmuch as Plaintiff's Complaint asserts numerous violations of federal law.  See Paragraph 2 of the Complaint, "This suit is brought pursuant to applicable authorities; 27 U.S.C., §§227(b)(1)(A)(iii) &(c)(5) (TCPA)."  Thus, subject matter jurisdiction was established by 21 U.S.C. §1441(c).

Plaintiff argues that because Defendants argue for the dismissal of Plaintiff's claims, the removal was improper and counsel should be sanctioned.  This would re-write federal law to allow defendants to remove matters only where they <u>consent</u> to liability.  These two legal conclusions are both correct: 1) Plaintiff's Complaint alleges violations of federal law; and 2) Plaintiff's Complaint is legally insufficient as a matter of law.

{00093445.3 }

Hon. John Michael Vazquez, U.S.D.J.
May 4, 2020
Page 3

Mr. Zelma does not want Your Honor to decide the motions to dismiss and is not happy with the settlement amount he agreed to accept. In my opinion, he believes that if this matter is remanded, he will be able to extract a higher settlement amount because counsel will have to re-write the motion to dismiss.

This matter was properly dismissed under L.Civ.R. 41.1(b). Either Mr. Zelma accept the settlement he agreed to, and gets paid for his frivolous claim, or Defendants will file a motion to enforce the settlement and seek all attorneys' fees and costs.

                                          Respectfully submitted,

                                          *John D. Coyle*

                                          John D. Coyle